IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Diana Jordan, | C/A No. 3:18-2361-JFA |
| Plaintiff, | |
| v. | ORDER |
| J.P. Morgan Chase Bank, | |
| Defendant. | |

## I.    INTRODUCTION

Diana Jordan ("Plaintiff"), proceeding *pro se*,[1] filed this civil action on August 24, 2018 against Defendant J.P. Morgan Chase Bank concerning the sale of 124 Bakersland Road in Chapin, South Carolina. (ECF No. 1). Plaintiff proceeds with this action *in forma pauperis* under 28 U.S.C. § 1915.[2] (ECF No. 8). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[3] prepared a thorough Report and Recommendation ("Report") and opines that this action should be dismissed. (ECF No. 9 at 5).

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[2] Because Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 9). The Magistrate Judge required Plaintiff to file objections by September 18, 2018 (ECF No. 9 at 6), and Plaintiff timely filed her Objections (ECF No. 13). Plaintiff also filed a Motion for Judgment by Default (ECF No. 14), Motion for Issuance of Deed (ECF No. 16), Motion for Expedited Ruling as to her Complaint (ECF No. 17), Motion to Amend Pleadings to include a punitive damages award in the amount of the filing fee (ECF No. 18), and Motion for Final Approval of Proposed Order (ECF No. 19). Accordingly, the Complaint is ripe for review.

## II.     LEGAL STANDARD

### a.   Review of the Report and Recommendation.

The district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017)

---

determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

(citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

### b. Review of Plaintiff's Complaint.

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.    DISCUSSION

The Magistrate Judge recommends the Court dismiss Plaintiff's Complaint because it is duplicative of three other cases that were filed with this Court and have already been dismissed. (ECF No. 9 at 3-4). Plaintiff's lone objection to Report is that her Complaint in the present case is distinct from the other related cases in that she cured the jurisdictional defect that was present in those cases. (ECF No. 13 at 1).

Although all three of the previous cases deal with the property in question, the most similar is *Jordan v. J.P. Morgan Chase Bank*, 3:18-cv-02280-JFA. In that case, Plaintiff sued the same defendant as the present case but in a representative capacity on behalf of AAA Mission of Charity ("AAA"). Plaintiff also requested the same relief as here, but for the benefit of AAA. The Magistrate Judge recommended that case be dismissed because Plaintiff did not raise a cognizable federal claim and erroneously brought suit on behalf of an organization without demonstrating she was an attorney as required by law. Because Plaintiff did not object to the Magistrate Judge's Report and Recommendation, the Court adopted it without further analysis.

Here, Plaintiff restyled and refiled her Complaint, naming only herself as the plaintiff and also appearing to raise her claim under a diversity of citizenship theory as she reiterates that the parties "are in different states" and the fair market value of the property in question is greater than $75,000. (ECF No. 1 at 1-2). Recognizing that Plaintiff did modify and refile her complaint as a different case, the Court reviews her Complaint in this Order. However, even without reaching the issue of subject matter jurisdiction, Plaintiff's claim is defective.

In order for a Plaintiff to pursue a legal claim in federal court, she must have standing to pursue that claim; that is, she must "prove that [s]he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable

judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704, 133 S. Ct. 2652, 2661, 186 L. Ed. 2d 768 (2013) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Here, Plaintiff does not indicate anywhere in her Complaint that she is the appropriate party to bring the present action. She fails to articulate any colorable interest in the property in question or how any such an interest was violated by Defendant. Merely speculating that a deed was forged does not grant Plaintiff standing to sue Defendant. Because Plaintiff has not proven that she has "suffered a concrete and particularized injury that is fairly traceable to the challenged conduct," Plaintiff does not have standing to sue. *Id.*

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts, and while the Court disagrees that this case is duplicative of previously filed cases, the Court agrees with the Report that the case should be dismissed. Therefore, the Court adopts the Report (ECF No. 9) and Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process. Accordingly, the Court denies as moot Plaintiff's Motion for Judgment by Default (ECF No. 14), Motion for Issuance of Deed (ECF No. 16), Motion for Expedited Ruling as to her Complaint (ECF No. 17), and Motion for Final Approval of Proposed Order (ECF No. 19). The Court also denies Plaintiff's Motion to Amend Pleadings to include a punitive damages award in the amount of the filing fee (ECF No. 18) because it fails to remedy the aforementioned standing issue.


IT IS SO ORDERED.

Joseph F. Anderson, Jr.

July 16, 2019                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge